UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO.: 7:00-CV-55-F(1)

| | |
|---|---|
| SHERRI WRIGHT BUFFKIN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| THE SMITHFIELD PACKING COMPANY, INCORPORATED, and JERE NULL, | )<br>)<br>)<br>) |
| Defendants. | ) |

PARTIAL MOTION TO DISMISS AND ANSWER

FILED
APR 12 2000
David W. Daniel, Clerk
US District Court, EDNC
_____ Dep. Clerk

Defendants The Smithfield Packing Company, Incorporated ("Smithfield" or "the Company"), and Jere Null ("Null") (collectively "defendants"), respond to the complaint of plaintiff Sherri Wright Buffkin ("plaintiff" or "Buffkin") as follows:

## FIRST AFFIRMATIVE DEFENSE AND MOTION

Because Null was not plaintiff's "employer" within the meaning of any federal or state statute or common law, Buffkin's cause of action against him for alleged wrongful discharge in violation of Title VII or public policy should be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P.

## SECOND AFFIRMATIVE DEFENSE AND MOTION

To the extent that plaintiff's Title VII cause of action, in whole or in part, exceeds the scope of her charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), it must be dismissed pursuant to Rules 12(b)(6), Fed.R.Civ.P.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Buffkin has failed to mitigate any damages she claims as a result of any alleged action by defendants.

RALEIGH\244443_1

## FOURTH AFFIRMATIVE DEFENSE

All employment decisions concerning Buffkin were based on valid, job-related, non-discriminatory grounds and were not the result of any intention or purpose, past or present, to discriminate unlawfully against plaintiff in violation of state or federal law.

## FIFTH AFFIRMATIVE DEFENSE

Any alleged unlawful conduct by any employee of Smithfield was outside the scope of that employee's employment, Smithfield did not ratify any such alleged unlawful conduct, and Smithfield should not be held vicariously liable for such purported conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's complaint, in whole or in part, is barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Buffkin's claims against the defendants are barred, in whole or in part, by the exclusivity provisions of the North Carolina Worker's Compensation Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because the Company did not discriminate against her, nor did the Company act with malice or reckless indifference to the federally protected rights of plaintiff.

## NINTH AFFIRMATIVE DEFENSE AND MOTION

Plaintiff is not entitled to punitive damages under N.C.Gen.Stat. § 10-1, *et seq*. Further defendants move to bifurcate the issues of compensatory damages and punitive damages.

## TENTH AFFIRMATIVE DEFENSE

Answering specifically the allegations of plaintiff's complaint, defendants state as follows:

## "PARTIES"

1. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit that defendant Null is a citizen and resident of Virginia. In all other respects, defendants deny the allegations of paragraph 3.

## "JURISDICTION and VENUE"

4. Defendants admit that the cited statute speaks for itself. In all other respects, defendants deny the allegations of paragraph 4.

5. Defendants admit that plaintiff's complaint alleges that the claims she asserts arose within the Eastern District of North Carolina and that Smithfield is doing business within the Eastern District of North Carolina. In all other respects, defendants deny the allegations of paragraph 5.

## "FACTS"

6. Defendants admit that Smithfield hired Buffkin to work as an hourly warehouse employee in its plant in Tar Heel, North Carolina, on or about September 28, 1992; and that the Company discharged plaintiff on or about September 24, 1998. In all other respects, defendants deny the allegations of paragraph 6.

7. Defendants admit that Smithfield promoted Buffkin to the position of crew leader on or about July 19, 1993. In all other respects, defendants deny the allegations of paragraph 7.

8. Defendants admit that Smithfield promoted Buffkin to the position of supervisor on or about December 16, 1994. In all other respects, defendants deny the allegations of paragraph 8.

9. Defendants admit that Buffkin assumed the position of superintendent in or about December 1995. In all other respects, defendants deny the allegations of paragraph 9.

10. Defendants admit that Buffkin assumed the position of production support manager in or about February 1997. In all other respects, defendants deny the allegations of paragraph 10.

11. Defendants admit that Buffkin's written performance reviews and compensation records speak for themselves. In all other respects, defendants deny the allegations of paragraph 11.

12. Defendants admit the allegations of paragraph 12.

13. Defendants admit that Null and Buffkin began a consensual sexual relationship in approximately 1994 and that Null was not Buffkin's supervisor. In all other respects, defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

16. Defendants admit the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations contained in the introductory sentence of paragraph 19.

19.a. Defendants admit that Buffkin and Null engaged in consensual kissing in various locations. In all other respects, defendants deny the allegations of paragraph 19.a.

19.b. Defendants admit that Null and Buffkin paged each other as a means of communication during their consensual relationship. In all other respects, defendants deny the allegations of paragraph 19.b.

19.c. Defendants admit that defendant Null gave plaintiff a birthday present. In all other respects, defendants deny the allegations of paragraph 19.c.

19.d. Defendants admit that Null and Buffkin engaged in a consensual relationship. In all other respects, defendants deny the allegations of paragraph 19.d.

19.e. Defendants admit that Null and Buffkin engaged in a consensual relationship. In all other respects, defendants deny the allegations of paragraph 19.e.

19.f. Defendants deny the allegations of paragraph 19.f.

19.g. Defendants admit that defendant Null discussed his consensual relationship with at least two of Smithfield's employees. In all other respects, defendants deny the allegations of paragraph 19.g.

19.h. Defendants deny the allegations of paragraph 19.h.

19.i. Defendants deny the allegations of paragraph 19.i.

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants admit that plaintiff sought clarification that she reported directly to the Vice President of Purchasing. In all other respects, defendants deny the allegations of paragraph 23.

24. Defendants admit that defendant Null and plaintiff occasionally talked on a consensual basis. In all other respects, defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants admit that plaintiff took vacation in September 1998. In all other respects, defendants deny the allegations of paragraph 33.

34. Defendants admit the allegations of paragraph 34.

35. Defendants admit the allegations of paragraph 35.

36. Defendants admit that, on or about September 24, 1998, Larry Johnson called Buffkin on the telephone and informed her of the Company's decision to discharge her. In all other respects, defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

### "FIRST CLAIM FOR RELIEF
(Title VII: Hostile Environment and *Quid Pro Quo* Sexual Harassment and Discharge)
(Defendant Smithfield)"

41. Defendants incorporate by reference their responses to the allegations of paragraphs 1-40.

42. Defendants admit that the cited statute, plaintiff's charge of discrimination, and the EEOC dismissal and notice of rights speak for themselves. In all other respects, defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants admit that the cited statute speaks for itself. In all other respects, defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

## "SECOND CLAIM FOR RELIEF
(Wrongful Discharge in Violation of Public Policy)"

48. Defendants incorporate by reference their responses to the allegations of paragraphs 1-47.

49. The allegations of paragraph 49 represent legal conclusions to which no response is required. To the extent that a response is required, defendants admit that North Carolina's public policy, as expressed in its general statutes, speaks for itself. In all other respects, defendants deny the allegations of paragraph 49.

50. The allegations of paragraph 50 represent legal conclusions to which no response is required. To the extent that a response is required, defendants admit that North Carolina's public policy, as expressed in its general statutes, speaks for itself. In all other respects, defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

## "THIRD CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)"

54. Defendants incorporate by reference their responses to the allegations of paragraphs 1-53.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

## "FOURTH CLAIM FOR RELIEF
(Tortious Interference with Contract: Defendant Null)"

59. Defendants incorporate by reference their responses to the allegations of paragraphs 1-58.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

Plaintiff's Prayer for Relief:

1-6. The allegations of paragraphs 1 through 6 are legal conclusions to which no response is required.

WHEREFORE, defendants pray that:

1. plaintiff have and recover nothing of this action;

2. the costs of this action, including reasonable attorneys' fees and costs, be taxed to plaintiff; and

3. the court order such other and further relief as it deems just and proper.

Defendants demand a jury trial on all issues so triable.

This, the 12TH day of April, 2000.

         MAUPIN TAYLOR & ELLIS, P.A.

         BY: _/s/ James C. Dever_
         James C. Dever (N.C. Bar # 14455)
         Gretchen W. Ewalt (N.C. Bar # 15847)
         3200 Beechleaf Court, Suite 500
         Post Office Drawer 19764
         Raleigh, NC 27619-9764
         Telephone: (919) 981-4000
         Facsimile: (919) 981-4300

         Attorneys for defendants

## CERTIFICATE OF SERVICE

I, Gretchen W. Ewalt, do hereby certify that the foregoing or attached PARTIAL MOTION TO DISMISS AND ANSWER was served upon plaintiff by mailing a copy thereof to her counsel of record at the address indicated below in accordance with the Rules of Civil Procedure.

This, the 12TH day of April, 2000.

                          MAUPIN TAYLOR & ELLIS, P.A.

BY: /s/ Gretchen W. Ewalt
Gretchen W. Ewalt (N.C. Bar # 15847)
3200 Beechleaf Court, Suite 500
Post Office Drawer 19764
Raleigh, NC 27619-9764
Telephone: (919) 981-4000
Facsimile: (919) 981-4300

Attorneys for defendants

SERVED:

Lisa Grafstein, Esq.
GRAFSTEIN & WALCZYK, P.L.L.C.
Post Office Box 1699
Raleigh, NC 27602
Attorneys for plaintiff