UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:00-CV-55-F(1)

| | |
|---|---|
| SHERRI WRIGHT BUFFKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OF LAW IN |
| v. ) | SUPPORT OF DEFENDANTS' |
| ) | PARTIAL MOTION TO DISMISS |
| THE SMITHFIELD PACKING ) | |
| COMPANY, INCORPORATED, and ) | |
| JERE NULL, ) | |
| ) | |
| Defendants. ) | |

## I. STATEMENT OF THE CASE

Plaintiff Sherri Wright Buffkin ("plaintiff" or "Buffkin"), commenced this action on March 22, 2000, against her former employer, The Smithfield Packing Company, Incorporated ("Smithfield"), and her former co-worker, Jere Null ("Null") (collectively "defendants"). Buffkin asserts claims for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* ("Title VII"); wrongful discharge in violation of the public policy of North Carolina; infliction of emotional distress; and tortious interference with contract. Defendants have answered plaintiff's complaint, denying her allegations in all material respects and asserting affirmative defenses.

Defendants now bring before the court this Partial Motion to Dismiss plaintiff's Title VII and wrongful discharge claims against defendant Null. Because they do not state claims upon which relief can be granted, defendants seek dismissal of these claims.

## II. STATEMENT OF MATERIAL FACTS

Defendant is engaged in the business of hog processing. (Compl. ¶ 2). Buffkin was hired to work at the Company's Tar Heel plant in or about September 1992. (Compl. ¶¶ 6, 7). In or about July, 1995, defendant Null became the General Manager of the Smithfield Tar Heel plant. (Compl. ¶ 16). Smithfield discharged plaintiff on September 23, 1998. (Compl. ¶ 36).

## III. ARGUMENT

Buffkin appears to have asserted claims against Null under Title VII[1] and North Carolina public policy. Title VII prohibits "employers" from discriminating against employees on the basis of race, color, religion, sex, or national origin. 42 U.S.C. §2000e-2 (1994). Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and an agent of such a person . . . ." 42 U.S.C. §2000e(b). The statute does not define the term "agent." However, supervisors are not liable in their individual capacities under Title VII because they are employees rather than employers. *Lissau v. Southern Foods Serv.*, 159 F.3d 177, 181 (4th Cir. 1998) (collecting cases).

In *Lissau*, plaintiff sued her employer and manager for sexual harassment under Title VII and also brought pendant state law claims against her manager. In concluding that there is no individual liability under Title VII against a plaintiff's supervisor, the court held that the term

---

1 In her Title VII claim, plaintiff asserts that "[d]efendants acted with malice or reckless indifference to Plaintiff's federally protected rights." Comp. ¶ 46. *See also* Comp. ¶ 47 ("[a]s a direct and proximate result of defendants' actions, Ms. Buffkin has suffered pecuniary and non-pecuniary losses. . ."

agent" in the Title VII definition of "employer" serves simply to establish a limit on an employer's liability for the employee's actions, rather than to broaden the scope of liability to individual employees. *See id.* at 180 (citing *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir.), *cert. denied*, 513 U.S. 1058, 115 S. Ct. 666, 130 L. Ed. 2d 600 (1994)). To allow otherwise would contravene the Congressional intent behind the statute by improperly expanding the remedial scheme of Title VII. *See id.* at 180-81.

Because supervisors are not "employers," it is equally clear that North Carolina courts do not recognize claims against supervisors in their individual capacity for wrongful discharge in violation of public policy. *Cox v. Indian Head Indus.*, 187 F.R.D. 531, 535-36 (W.D.N.C. 1999); *Pearson v. Howard Sys. Int'l., Inc.*, 1999 U.S. Dist. LEXIS 3704, at *4 (E.D.N.C. Feb. 16, 1999) (citations omitted) (copy attached); *Lorbacher v. Housing Auth.*, 493 S.E.2d 74, 79, 127 N.C. App. 663, 671 (1997). In North Carolina, a plaintiff may maintain a claim for wrongful discharge against her employer, but not against an individual employee. *Pearson*, 1999 U.S. Dist. LEXIS 3704, at *4. For instance, in *Cox*, plaintiff brought a claim against her supervisor for sexual harassment under North Carolina law for wrongful discharge in violation of public policy as expressed in N.C. Gen. Stat. § 143-422.2 ("the EEPA"). Relying on *Lissau*, the court dismissed that claim against the plaintiff's supervisor. *Cox*, 187 F.R.D. at 535-36.

In the present case, *Lissau* compels the dismissal with prejudice of all Title VII claims asserted by Buffkin against Null in his individual capacity. North Carolina case law also establishes that Null may not be held liable in an individual capacity for alleged wrongful discharge in violation of public policy.

## IV. CONCLUSION

For the reasons set forth above, pursuant to Rule 12(b)(6), Fed. R. Civ. P., defendants respectfully submit that the Court should dismiss with prejudice Buffkin's first and second causes of action against Null because they do not state claims upon which relief can be granted.

This, the 12TH day of April, 2000.

MAUPIN TAYLOR & ELLIS, P.A.

BY: /s/ Matthew W. Ewalt
James C. Dever (N.C. Bar # 14455)
Gretchen W. Ewalt (N.C. Bar # 15847)
3200 Beechleaf Court, Suite 500
P. O. Drawer 19764
Raleigh, NC 27619
Telephone: (919) 981-4000
Facsimile: (919) 981-4300

Attorneys for defendants

# SUZANNE T. PEARSON and ANNIE W. SHANKLIN, Plaintiffs, v. HOWARD SYSTEMS INTERNATIONAL, INC. and ALAN M. BROWN, Defendants.

No. 5:98-CV-771-BR2

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA, WESTERN DIVISION

1999 U.S. Dist. LEXIS 3704

February 13, 1999, Decided

February 16, 1999, Filed

**DISPOSITION:** {*1} Defendant Brown's motion to dismiss Count Fourteen DENIED, his motion to dismiss Count Eleven ALLOWED and claim DISMISSED.

**COUNSEL:** For SUZANNE T. PEARSON, ANNIE W. SHANKLIN, plaintiffs: Jennifer McDougal, Benjamin N. Thompson, L. Diane Tindall, Wyrick, Robbins, Yates & Ponton, Raleigh, NC.

For HOWARD SYSTEMS INTERNATIONAL, INC., defendant: Kimberly J. Korando, Kerry A. Shad, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, NC.

For ALAN BROWN, defendant: Raymond M. Davis, Cranfill, Sumner & Hartzog, Raleigh, NC.

**JUDGES:** W. EARL BRITT, Senior United States District Judge.

**OPINIONBY:** W. EARL BRITT

**OPINION:** ORDER

This matter is before the court on the motion of defendant Alan M. Brown to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed 7 December 1998. Plaintiffs timely served their opposition to Brown's motion on defendants on 22 December 1998, yet erroneously filed that response in Wake County Superior Court rather than the United States District Court for the Eastern District of North Carolina. By order of this court dated 14 January 1999, plaintiffs' motion for leave to file out of time was allowed. Defendant Brown timely filed a reply on 4 January 1999. Therefore, the {*2} motion to dismiss is fully briefed and ripe for decision.

Plaintiffs' amended complaint contains twenty causes of action alleging age discrimination, sex discrimination, sexual harassment, negligent retention and negligent and intentional infliction of emotional distress under federal and North Carolina law. Only two of the causes of action are alleged against Brown, and only those two causes of action are at issue in this motion.

A motion pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the pleadings. **De Sole v. United States, 947 F.2d 1169, 1178 (4th Cir. 1991).** For purposes of such a motion, the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. As stated by the Supreme Court:

In appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.

**Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).** "The issue is not whether a plaintiff will {*3} ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." **Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).**

Plaintiffs and Brown were employed by defendant Howard Systems International, Inc. (HSI). (Am. Compl. P13.) Brown was HSI's Regional Director of its Raleigh, North Carolina and Atlanta, Georgia offices working in HSI's Raleigh office. Brown was the highest ranking HSI employee in the Raleigh office. (Id. at P 16.) Plaintiffs were account managers for HSI working in HSI's Raleigh office. (Id. P 15.) Count Eleven of plaintiffs' amended complaint alleges that Brown took employment actions in contravention of the public policy of North Carolina as stated in N.C. Gen. Stat. § 143-422.2. More specifically, it alleges that Brown made plaintiffs' working conditions intolerable and that he intended to cause plaintiffs to quit. (Am. Compl. P 100.) Further, the amended complaint alleges that "a reasonable person in the Plaintiffs' position would feel compelled to resign because of Defendant Brown's actions" and that "Defendant Brown's conduct

constituted a constructive discharge of Plaintiffs' employment with HSI.." (Id. at {*4} PP 101 and 103.)

North Carolina law is clear that an action for wrongful discharge cannot be maintained against an individual employed by a plaintiff's employer. "The North Carolina Court of Appeals has held that an action for wrongful discharge will lie only against an employer, and not against an individual employee." **Myers v. Town of Landis, 957 F. Supp. 762, 771 (M.D.N.C. 1996),** aff'd in part, dismissed in part, **107 F.3d 867 (4th Cir. 1997);** see also, **Sides v. Duke University, 74 N.C. App. 331, 343, 328 S.E.2d 818,** disc. review denied, **314 N.C. 331 (1985)** (wrongful discharge action against individual doctor and nurse employed by hospital properly dismissed because hospital, not individuals, was employer). It is clear from the amended complaint that plaintiffs were employed by HSI, not Brown and that Brown was, himself, an employee of HSI. Under North Carolina precedent recited above, plaintiffs cannot assert a discharge claim against an individual employee. Further, despite plaintiffs' assertions to the contrary, the amended complaint alleges that "Brown's conduct constituted a constructive discharge of Plaintiff's [sic] employment with HSI." (Am. Compl. P 103.) Plaintiffs do not {*5} allege that they were terminated and admit that they resigned. (ld. at P 102.) North Carolina courts have not recognized a cause of action for constructive discharge. **Sharpe v. MCI Telecommunications Corp., 19 F. Supp. 2d 483, 491 n.7 (E.D.N.C. 1998)** (citing **Graham v. Hardee's Food Sys., Inc., 121 N.C. App. 382, 385, 465 S.E.2d 558 (1996)));** see also, **Cortes v. McDonald's Corp., 955 F. Supp. 539 (E.D.N.C. 1996).** Brown's motion to dismiss Count Eleven will be allowed.

Count Fourteen of plaintiffs' amended complaint asserts intentional infliction of emotional distress against Brown. The allegations of this count are sufficient to state a claim for this tort when viewed within the framework of a 12(b)(6) motion. Brown's motion to dismiss Count Fourteen will be denied.

For the reasons stated above, defendant Brown's motion to dismiss Count Fourteen is DENIED, his motion to dismiss Count Eleven is ALLOWED and that claim is DISMISSED.

This 13 February 1999.

W. EARL BRITT

Senior United States District Judge

## CERTIFICATE OF SERVICE

I, Gretchen W. Ewalt, do hereby certify that the attached MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS was served upon plaintiff by mailing a copy thereof to her counsel of record at the address indicated below in accordance with the Federal Rules of Civil Procedure.

This, the 12TH day of April, 2000.

MAUPIN TAYLOR & ELLIS, P.A.

BY: /s/ Gretchen W. Ewalt
Gretchen W. Ewalt
N.C. State Bar No. 15847
3200 Beechleaf Court, Suite 500
P. O. Drawer 19764
Raleigh, NC 27619
Telephone: (919) 981-4000
Facsimile: (919) 981-4300

Attorneys for defendants

SERVED:

Lisa Grafstein, Esq.
GRAFSTEIN & WALCZYK, PLLC
Post Office Box 1699
Raleigh, NC 27602
Attorneys for plaintiffs